UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELODY CUNNINGHAM, Guardian Ad Litem for JAWARA MCINTOSH and MELODY CUNNINGHAM, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF BERGEN, et al.,<br><br>Defendants. | Docket No.: 19-cv-6154<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Melody Cunningham, guardian ad litem, for Jawara McIntosh alleges that McIntosh's civil rights were violated when he was seriously injured during an assault while housed at the Bergen County Jail. Cunningham names as defendants Bergen County, the Bergen County Jail, Jail Warden Steven Ahrendt, Sheriff Michael Saudino, various officers, and inmate Kyrie Baum. This matter comes before the Court on Defendant Bergen County's motion to dismiss. ECF No. 23. For the reasons stated below, Bergen County's motion is **GRANTED**.

**I.   BACKGROUND**

On February 21, 2017, while an inmate at the Bergen County Jail, Jawara McIntosh was allegedly seriously injured when he was assaulted by another inmate, Kyrie Baum. Compl. ¶¶ 24-25. Melody Cunningham, McIntosh's mother and guardian ad litem, commenced this action under 42 U.S.C. § 1983 and New Jersey law, against the County of Bergen, former Bergen County Sheriff Michael Saudino, Jail Warden Steven Ahrendt, other sheriff's officers, and Kyrie Baum, Mr. McIntosh's alleged attacker. *Id.* at ¶¶ 1-23. Cunningham alleges that McIntosh's constitutional rights were violated as a result of various defendants' failure to train, supervise, monitor, and discipline corrections officers, provide adequate policies and protocols for the handling of inmate on inmate violence, and provide adequate medical assistance. *Id.* at ¶¶ 32-40.

**II.   STANDRARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). "A Rule 12(b)(6) dismissal is appropriate if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

### III. DISCUSSION

Defendant Bergen County moves to dismiss Plaintiff's Complaint against it, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Bergen County had no supervision or control over the County Sheriff, Sheriff's officers, or Kyrie Baum. Def.'s Mot. 1. Bergen County argues that Bergen County and the Bergen County Sheriff are separate and distinct entities, that Bergen County lacks oversight over the Bergen County Jail, and that Bergen County does not control the Sheriff or other individual defendants. *Id.* at 6-13.

#### A. **Bergen County Does Not Have Oversight over the Bergen County Jail**

The County of Bergen and the Bergen County Sheriff are legally distinct entities. *Compare* N.J.S.A. 40:18-1 ("[t]he inhabitants of each of the several counties shall be a body politic and corporate . . .") *with* New Jersey Const., Art. 7, § 2, ¶ 2 ("sheriffs shall be elected by the people of their respective counties at general elections"); *Bergen Coty PBA Local 134 v. Donovan*, 436 NJ. Super 187, 197 (App. Div. 2014).

Bergen County does not operate the Bergen County jail and the County is not a custodian of prisoners there—the Sheriff is. "[T]he sheriff of every county shall have the care, custody and control of the county jail or jails and all prisoners therein, and shall be responsible for the conduct of any keeper appointed by him." N.J.S.A. § 30:8-17. The Sheriff, not the County, selects the jail's warden and sheriffs' officers. *See* N.J.S.A. §§ 30:8-17.1, 40A:9-117.

Cunningham argues that N.J.S.A. § 30:8-16.8 vests "ultimate authority over the jail" with the County and contends that "[t]he County controls the jails and the Sheriff operates them as agents of the County." Pl.'s Resp. 8-9. Section 30:8-16.8 states:

> Subject to the requirements of centralized administration and control of county correctional services under subsection b. (4) of section 5, and the provisions of agreements between cooperating counties permitted pursuant to subsection b. of section 4, the governing body of a participating county

2

shall retain all authority for the expenditure of funds, including grants of financial assistance received from the State under this act, *and for the implementation and operation of county correctional facilities according to the comprehensive plan approved by the commissioner.*

N.J.S.A. § 30:8-16.8 (emphasis added).

The "comprehensive plan" to be "approved by the commissioner" is set forth in N.J.S.A. § 30:8-16.7, entitled "County corrections advisory board; comprehensive plan; contents; application for assistance." Section 30:8-16.7 provides for the creation of a county corrections advisory board and states that the "[t]he board shall be responsible for the development of a comprehensive plan for developing, implementing, operating and improving county correctional services . . ." N.J.S.A. § 30:8-16.7. The comprehensive plan for each county is required to include "[t]he availability and use of a specific amount of bed space to be reserved for prisoners remanded by the State;" (2) "[t]he location and description of facilities that will be used by the county . . . including county jails, penitentiaries, houses of detention, workhouses, work release centers and halfway houses;"[1] (3) "[p]er diem reimbursement rates favorable to the State in recognition of its contribution to the construction or renovation costs of the county correctional facilities . . . ;" (4) "[t]he centralized administration and control of county correctional services, taking into account established provisions for probation and parole services;" (5) "[t]he manner in which counties that jointly apply for participation under this act will operate a coordinated regional county corrections program;" and (6) "[a] schedule of specific expenditures and priorities for the use of the grant moneys." N.J.S.A. § 30:8-16.7(b)(1)-(6).

The Court finds that the inclusion of the language "implementation and operation of county correctional facilities" in § 30:8-16.8 is meant to capture the limited ways that the "comprehensive plan," described in § 30:8-16.7, provides for operation of correctional facilities. This includes control over the availability of bed space, location and description of correctional facilities, and their construction. While § 30:8-16.7 states that the comprehensive plan shall provide for "[t]he centralized administration and control of county *correctional services*," the county corrections advisory board is not meant to provide for administration of *correctional facilities*. N.J.S.A. § 30:8-16.7(b)(4) (emphasis added). Section 30:8-17 makes clear that operation and administration of county jails is vested with the County Sheriff.[2]

---

[1] It is clear that while § 30:8-17 is exclusively about the county jails, § 30:8-16.7 covers a much larger array of correctional facilities.

[2] While N.J.S.A. § 30:8-19 permits the "the board of chosen freeholders of any county . . . to assume and thereafter to exercise the custody, rule, keeping and charge of the county

3

### B. Bergen County is Not a Policymaker for the Bergen County Jail

Cunningham argues that Bergen County is liable under § 1983 because it is a final policymaker for the jail. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (local government may be sued under § 1983 when its policy or custom represents "official policy"). "[A] court's task is to identify those who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the violation at issue." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 784-85 (1997) (internal quotes omitted). For this, courts look to state law. *Id.* at 786. For the reasons stated above, neither N.J.S.A. § 30:8-16.7, nor any other source of New Jersey law[3] proffered by Plaintiff vests the county with any meaningful policymaking authority over county jails.

Consequently, Bergen County cannot be held liable as a matter of law for any of Plaintiff's allegations.

### IV. CONCLUSION

For the reasons set forth above, Bergen County's motion to dismiss, ECF No. 23, is **GRANTED** with prejudice.

Date: November 14, 2019

WILLIAM J. MARTINI, U.S.D.J.

---

jails in their respective counties," the distinction between operating and possessing an inchoate right to require the sheriff to turn over the jail operations to the county is relevant here, where Plaintiff does not allege that the county board of freeholders has exercised this right.

[3] Arguing that "[t]he New Jersey legislature has clearly designated the County as the final policymaker for the jail," Plaintiff cites *Mayor & Council of Town of Kearny v. Clark*, 516 A.2d 1126, 1128 (App. Div. 1986), *Application of Burlington Cty. Bd. of Chosen Freeholders*, 491 A.2d 631, 635 (1985) and *Cacciatore v. Cty. of Bergen*, No. CIV.02-1404 WGB, 2005 WL 3588489, at *4 (D.N.J. Dec. 30, 2005). In *Town of Kearny*, the Court concluded that, consistent with N.J.S.A. §§ 30:8-16.8 and 30:8-16.7(b)(2), county officials were vested with the discretionary power of deciding where to locate a county jail, and so not subject to Kearny's zoning requirements. In *Application of Burlington County*, the Court concluded that "the sheriff and his office are part of county government" for purposes of N.J.S.A. § 40A:5-22, which permits New Jersey Superior Court judges to "make a summary investigation into the affairs of any local [government] unit" in certain situations. In *Cacciatore*, this Court decided that the sheriff was not a policymaker for the county, not that the county was a policymaker for the jail. These cases neither confer upon nor evidence Bergen County's policymaking authority over the jail.